985 F.2d 559
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jon Thomas CUMMINS, Petitioner-Appellant,
v.
UNITED STATES Of America, Respondent-Appellee.
 No. 92-1734.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1993.
 
 Before MERRITT, Chief Judge, and RALPH B. GUY, JR. and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 Jon Thomas Cummins appeals a district court order denying his "Motion for Remand and New Trial" construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. He requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of The Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in 1988, Cummins was convicted on multiple counts of receipt and possession of an unregistered firearm and of being a felon in receipt and possession of a firearm. The Sixth Circuit affirmed the convictions on appeal. United States v. Cummins No. 88-1811 (6th Cir. Aug. 28, 1989) (per curiam) (unpublished).
 
 
 3
 In 1991, Cummins filed a motion to correct an illegal sentence under Fed.R.Crim.P. 35(a). The district court denied the motion; the Sixth Circuit affirmed the decision of the district court. United States v. Cummins, No. 91-1876 (6th Cir. Nov. 6, 1991) (unpublished).
 
 
 4
 Cummins next filed a "Motion for Remand and a New Trial" with an accompanying "Notice of Unconstitutional Former Pleas." He asserted that there was insufficient evidence to support the convictions for possession of a firearm by a felon because the prior convictions were based on guilty pleas obtained in violation of Boykin v. Alabama, 395 U.S. 238 (1969). He also asserted that he was prejudiced at trial by the district court's failure to keep from the jury the nature of the former felonies and by joinder of all counts at a single trial.
 
 
 5
 The district court construed the motion and notice as a motion to vacate filed under 28 U.S.C. § 2255. The district court determined that Cummins failed to raise any of the present claims in his direct appeal or to show cause and prejudice for the failure to do so. The motion was denied.
 
 
 6
 On appeal, Cummins contends that the district court erred by failing to consider his Boykin challenges to his prior felonies. He also argues that the possession by a felon convictions are invalid because his civil rights, including the right to carry a firearm, were restored upon expiration of his Michigan felony convictions.
 
 
 7
 Upon review, we conclude that Cummins's arguments lack merit. A federal prisoner may not raise as grounds for relief under 28 U.S.C. § 2255 any grounds that he could have raised on direct appeal. United States v. Frady, 456 U.S. 152, 165-66 (1982). Moreover, a federal prisoner must establish "cause and actual prejudice" for any claim for which review on direct appeal was barred. Id. at 167-68.
 
 
 8
 Cummins's argument that his civil rights have been restored is not properly before the court, as it was not presented to the district court in the underlying motion. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990). It is also without merit. See United States v. Driscoll, 970 F.2d 1472 (6th Cir.1992).
 
 
 9
 Cummins next argues that he is not barred from bringing a collateral challenge to convictions used for sentence enhancement. This argument is inapposite to his claim that the prior convictions were unlawfully used to support the substantive offense of possession of a firearm by a felon. Moreover, prosecution under the statute prohibiting a felon from possessing a firearm does not open the underlying felony convictions to collateral attack. Lewis v. United States, 445 U.S. 55, 67 (1980).
 
 
 10
 Finally, because Cummins does not argue the merits of his remaining claims, they are deemed abandoned and are not subject to review. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 11
 Accordingly, the request for appointment of counsel is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.